### THOMAS vs. CALLIHAN'S HEIRS.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. In this case, the plaintiff claims, as transferee of John Stafford, the amount of a judgment which the latter had obtained against the ancestor of the defendants. They oppose, to his right to recover, a plea of *res judicata*; and also compensation, by virtue of a judgment

A judgment of nonsuit forms no *res judicata*. A *sous seing prive* has no effect on the rights of third parties, till its date be fixed by something *dehors* the instrument.

Western Dis.
October, 1827

THOMAS
vs.
CALLIHAN'S
HEIRS.

which Leroy Stafford had obtained against the transferor to the plaintiff, three-fourths of which they allege, were regularly transferred to them, or three of them, before any notice was given of the transfer of J. Stafford's judgment against their ancestor.

Leroy Stafford intervened in the cause, and set up a claim to the judgment against Callihan, the ancestor, in consequence of a right acquired under a sheriff's sale, wherein that judgment, or J. Stafford's interest in it, had been seized by virtue of an execution issued at his instance, on the judgment which he had obtained against said John.

The district court rendered judgment in favour of the plaintiff, from which the defendants appealed.

There are two bills of exception in the cause taken by the counsel of the defendants; but as they have no close connection with the principles on which the case must be decided, it is thought needless to notice them.

The claim of the intervener, which seems to be the most formidable, when opposed to that of the plaintiff, so far as it is supported by the seizure and sale of the judgment against Callihan, the ancestor, may be at once dismissed,

as they purport to be of a judgment obtained

in May term, 1824, while it appears that the one really transferred from J. Stafford to the plaintiff, was rendered in November term 1823. This circumstance appears to have escaped the attention, both of the counsel and the court in the former suit between the present parties, which is now pleaded as *res judicata*, a plea which cannot avail the appellants, as judgment of non-suit was pronounced in that case.

All questions relative to the conflicting claims of the parties being still open to investigation, they must be in reference to the facts and law of the cause. The facts which are important to its decision may be limited to the transfer of the two judgments, under one of which the plaintiff claims rights which are opposed by the defendants, by those which they attempt to deduce from the other.

In 1823, J. Stafford obtained a judgment against the defendants for $1245 52; subsequently, Leroy Stafford obtained a judgment against John for $950 dollars. Immediately after the latter had obtained his judgment, he transferred it to the plaintiff, which, together with the transfer, was recorded in the office of the parish judge, of the parish of Rapides,

Western Dis.
October, 1827.

THOMAS
*vs.*
CALLIHAN'S
HEIRS.

On the 1st. of October, 1824, Leroy transfered three-fourths of the judgment which he had obtained against John. These transfers were both made by acts under private signature, and consequently cannot affect the rights of third persons, until their dates be verified by something *dehors* the instruments. In all transfers of debts, according to the provisions of our codes, notice to the debtor is required, to give them effect against third parties. *Old Code, 368, art.* 122; and *New Code, art.* 2613.

By the act of transfer from J. Stafford, of his judgment against the ancestor of the defendants, to the plaintiff, the latter acquired a full and complete right to the debt, as against the transferror; the assignment placed him in the situation of the latter, leaving the judgment subject to seizure by the creditors of the assignor until the notice, required by law, was given to the debtors. In the present case, they claim a right to compensate a debt acquired by transfer, from L. Stafford, against that which the plaintiff holds as transferee from J. Stafford.

In relation to these, the appellee is in the situation of a third person, and as there is no evidence of notice to the debtor of the transferee's rights, the plaintiff cannot be affected by that

assignment and transfer. Nothing is proven which gives a date to the instrument of transfer made by L. Stafford to the appellants. That made by J. Stafford to the appellee, obtained a date by being recorded in the office of the parish judge, and proof of notice to one of the heirs of J. Callihan, on the 11th of October, 1823. No legal seizure had been made of the judgment now claimed, and required to be enforced against the heirs of Callihan, previous to the institution of proceedings against said heirs, in which the original creditor, who had transfered to them a part of his debt, has joined. All parties interested have, by their proceedings, received notice of the transfer made to the plaintiff of the debt which he claims, and this, previous to any right acquired by them, which can affect his claim.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.